The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties' Pre-Trial Agreement, including the stipulations therein, is stipulated into evidence.
2. The medical records of Durham Regional Hospital, Richard Halbrooks, M.D., Paul B. Suh, M.D., and Peter W. Gilmer, M.D., are stipulated into evidence.
3. The Form 22 depicting plaintiff's wages is stipulated into evidence. Further, a Form 22 of a similarly-situated employee is stipulated into evidence, since the parties are contesting employee's average weekly wage.
4. The transcript of plaintiff's recorded statement dated February 16, 1996, is stipulated into evidence.
*******************
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On January 31, 1996, plaintiff was employed by defendant-employer as a drywall finisher. He had been employed for approximately one month.
2. Plaintiff's average weekly wage was $348.73, which yields a compensation rate of $232.60 per week. Although the Form 22 of the similarly-situated employee reflects an average weekly wage of $477.57, the undersigned finds that plaintiff's average weekly wage was that depicted on the Form 22 completed for him, as plaintiff never consistently worked forty-hour work weeks due to his personal circumstances unrelated to his work with defendant-employer. The average weekly wage depicted on the Form 22 completed for plaintiff most fairly approximates his average weekly wage.
3. On January 30, 1996, plaintiff worked for two hours at East Millbrook Middle School in Raleigh, and six hours at Mallinckrodt, also in Raleigh. Plaintiff's co-worker, Allen Pelton, testified that plaintiff's supervisor, Mr. Aikens, told him to tell the plaintiff to go to East Millbrook School to work on the following day. Contrary to this testimony, Mr. Aikens testified that he told plaintiff to report to a Henderson job site the following day. However, due to a misunderstanding, plaintiff reported to East Millbrook School on January 31, 1996. At 11:00 a.m., plaintiff went out to his truck to warm himself and to eat lunch.
4. At approximately 11:30 a.m., plaintiff's supervisor, Mr. Aikens, came to the East Millbrook Middle School job site and observed plaintiff sitting in his van. No work was scheduled at this job site because the inclement weather resulted in standing water and ice on the premises. Since no one was scheduled to work at that job site on that date, and no work appeared to have been performed, Mr. Aiken instructed the plaintiff to go home and to return to work the next day at the Henderson job site. By not following the instructions of his supervisor and continuing to work at the Millbrook location, plaintiff violated an immediate and direct order of his supervisor.
5. Plaintiff testified he fell from a scaffold approximately six feet onto the floor causing his back to be injured.
6. Plaintiff first sought medical treatment at Durham Regional Hospital on February 1, 1996. The following day, plaintiff called Mr. Aikens and reported his injury.
7. On February 2, 1996, Peter W. Gilmore, M.D., performed a right L3-4 disketomy on plaintiff for treatment of a ruptured disk at L3-4 on the right.
8. Plaintiff has been temporarily totally disabled from January 31, 1996 to the present and remains disabled. Plaintiff is in need of further medical treatment as a result of his fall.
9. The defendants had reasonable grounds to defend this claim. Therefore, plaintiff is not entitled to attorney's fees from defendants.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's injury resulted only after the plaintiff violated an immediate and direct order of his supervisor. The disobedience of a direct and specific order by a then present superior breaks the causal relation between the employment and the resulting injury. Therefore, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. Hoyle vs. Isenhour Brick and TileCompany, 306 N.C. 248, 293 S.E.2d 196 (1982). N.C. Gen. Stat. §97-2(6).
*******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commission and enters the following:
AWARD
1. Plaintiff's claim under the law must be and is HEREBY DENIED.
2. Each side shall pay his own costs.
 S/ ______________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER